**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| DEL PARSON STUDIO, INC.,<br><br>Plaintiff,<br><br>v.<br><br>THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",<br><br>Defendants. | Case No. 26-cv-11003<br><br>**Judge Manish S. Shah** |

**PRELIMINARY INJUNCTION ORDER**

Plaintiff DEL PARSON STUDIO, INC. ("Del Parson Studio" or "Plaintiff") filed a Motion for Entry of a Preliminary Injunction against the against the fully interactive, e-commerce stores operating under the seller aliases identified in Schedule A to the Complaint and attached hereto (collectively, "Defendants") and using at least the online marketplace accounts identified in Schedule A (the "Defendant Internet Stores"). After reviewing the Motion and the accompanying record, this Court GRANTS Plaintiff's Motion as follows.

This Court finds Plaintiff has provided notice to Defendants in accordance with Federal Rule of Civil Procedure 65(a)(1).

This Court also finds, on a preliminary basis, that Defendants sold products using infringing and versions of Plaintiff's federally registered copyrights (the "Del Parson Works").

This Court also finds that issuing this Preliminary Injunction is warranted under Federal Rule of Civil Procedure 65. Evidence submitted in support of this Motion establishes that Plaintiff has demonstrated a likelihood of success on the merits; that no remedy at law exists; and that Plaintiff will suffer irreparable harm if the injunction is not granted.

Specifically, Plaintiff has proved a *prima facie* case of copyright infringement because (1) the Del Parson Works are registered with the U.S. Copyright Office, (2) Defendants are not licensed or authorized to use the Plaintiff Works, and (3) Defendants' use of the Del Parson Works is causing a likelihood of confusion as to the origin or sponsorship of Defendants' products with Plaintiff. Furthermore, Defendants' continued and unauthorized use of the Del Parson Works irreparably harms Plaintiff through diminished goodwill and brand confidence, damage to Plaintiff's reputation, loss of exclusivity, and loss of future sales. Monetary damages fail to address such damage and, therefore, Plaintiff has an inadequate remedy at law. Moreover, the public interest is served by entry of this Preliminary Injunction to dispel the public confusion created by Defendants' actions. Accordingly, this Court orders that:

1. Defendants, their officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with them be preliminarily enjoined and restrained from:

   a. using the Del Parson Works or any reproductions, infringing copies, or colorable imitations in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine Plaintiff product or not authorized by Plaintiff to be sold in connection with the Del Parson Works;

   b. passing off, inducing, or enabling others to sell or pass off any product as a genuine Plaintiff product or any other product produced by Plaintiff, that is not Plaintiff's or not produced under the authorization, control, or supervision of Plaintiff and approved by Plaintiff for sale under the Del Parson Works;

c. committing any acts calculated to cause consumers to believe that Defendants' products are those sold under the authorization, control, or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff; and

d. manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and which bear any of 's copyrights, including the Del Parson Works, or any reproductions, infringing copies, or colorable imitations.

2. Upon Plaintiff's request, those with notice of this Order, including any marketplace platforms such as Amazon Payments, Inc. ("Amazon"), Walmart Inc. ("Walmart"), Whaleco, Inc. d/b/a Temu ("Temu"), and PayPal, Inc. ("PayPal") (the "Third Party Providers"), shall within seven (7) calendar days after receipt of such notice, disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of infringing goods using the Del Parson Works.

3. Plaintiff may provide notice of the proceedings in this case to Defendants, and any future motions, by electronic means, by sending an e-mail to the e-mail addresses associated with the Defendant Internet Stores, including any e-mail addresses obtained through expedited discovery or otherwise provided for Defendants by third parties, and by electronically publishing a link to the Complaint, this Order, and other relevant documents on a website and by sending an e-mail with a link to said website to any e-mail addresses provided for Defendants by third parties. The combination of providing notice via electronic publication and e-mail, along with any notice that Defendants receive from payment processors, shall constitute notice reasonably calculated under all circumstances

to apprise Defendants of the pendency of the action and afford them the opportunity to present their objections, as required by Rule 65(a)(1).

4. Plaintiff's Exhibit 2 to the Declaration of Del Parson [17] is unsealed.

5. Within seven (7) calendar days of entry of this Order, Plaintiff shall deposit with the Court ten thousand dollars ($10,000), either cash or surety bond, as security, which amount has, in the absence of adversarial testing, been deemed adequate for the payment of such damages as any person may be entitled to recover as a result of a wrongful restraint hereunder.

6. Any Defendants that are subject to this Order may appear and move to dissolve or modify the Order as permitted by and in compliance with the Federal Rules of Civil Procedure and the Northern District of Illinois Local Rules. Any third party impacted by this Order may move for appropriate relief.

SO ORDERED:

Manish S. Shah
United States District Judge

Dated: October 27, 2026

**Schedule A**

| No. | Defendants |
|---|---|
| 1 | PaiWeiYeYa |
| 2 | wuhanshiyunhejiyuanshangmaoyouxiangongsi |
| 3 | Yyangshf |
| 4 | Baby soter |
| 5 | MY HOME PET |
| 6 | lama thien |
| 7 | lihong Gao |
| 8 | QBearArtStore |
| 9 | HBF Art |
| 10 | LFF Art |
| 11 | jing Static poster |
| 12 | GOOD PAPA |
| 13 | ding qing Bridge poster |
| 14 | jia yi Decompression poster |
| 15 | xukunlanSXDF |
| 16 | xian you tong bo shang mao you xian gong si |
| 17 | NGỌC HUY BẾCH DOG SHOP789 |
| 18 | ZeroElec |
| 19 | jian xiong HD poster |
| 20 | TiansS(US Art Studio) |
| 21 | ZhangHaojing |
| 22 | VIỆT THẮNG IPHONE6 |
| 23 | The Berea Company |
| 24 | LENGJINGI |
| 25 | lgy holiday poster |
| 26 | shawncraft.com |
| 27 | jujumini.com |
| 28 | thegoodshirts.com |
| 29 | onerockin.com |
| 30 | tshirtatlowprice.com |
| 31 | ashbubble.com |
| 32 | inkinaction.com |
| 33 | tokyo-tiger.com |
| 34 | winkflo.com |
| 35 | wolfantique.com |

| | |
|---|---|
| 36 | viralcitron.com |
| 37 | prodpdiy.com |
| 38 | wanderpainting.com |
| 39 | charmingfavor.com |
| 40 | daisycustom.com |